CLERK USDC EDWI FILED
2024 FEB -8 P 1:00

MAILEE HANG Estate and Trust,
In care of Mailee: Hang.
VANG TOU HANG Estate and Trust,
In care of Tou-Vang: Hang.
c/o 620 West Briarknoll Rd
Saukville, Wisconsin [53080]

February Sixth Two-Thousand and Twenty-Four

# UNITED STATES DISTRICT COURT
# FOR THE SEVENTH DISTRICT OF WISCONSIN
## Eastern District of Wisconsin
## MILWAUKEE DIVISION
## CIVIL DEPARTMENT

| | | |
|---|---|---|
| MAILEE HANG Estate & Trust, | ] | |
| Mailee: Hang, beneficiary, | ] | Case No. 24-cv-179 |
| TOU VANG HANG Estate & Trust. | ] | Verified Complaint |
| Tou-Vang: Hang, beneficiary | ] | |
| Plaintiffs, | ] | |
| | ] | |
| vs. | ] | |
| Scott R. Halloin d/b/a SCOTT R. HALLOIN, | ] | ADMINISTRATIVE |
| Sheila L. Shadman Emerson d/b/a SHEILA | ] | PROCEDURES ACT OF 1946 |
| L. SHADMAN EMERSON, | ] | |
| Molly S. Fitzgerald d/b/a MOLLY S. | ] | FOREIGN AGENT |
| FITZGERALD, | ] | REGISTRATION ACT. OF 1938 |
| Long Lee d/b/a LONG LEE, | ] | F.D.C.P.A. ACT 1692 |
| Miana Lee d/b/a MIANA LEE, | ] | |
| Kay Xiong d/b/a KAY XIONG, | ] | |
| David Blong Lee d/b/a DAVID BLONG LEE, | ] | |
| Mee Lee d/b/a MEE LEE, | ] | |
| Defendants. | ] | |

SIX MILLION DOLLAR (OR THE MAX [UNITED STATES DISTRICT COURT Eastern District of Wisconsin] COURT WILL ALLOW IN DAMAGES) LAWSUIT FOR VIOLATION OF The "ADMINISTRATIVE PROCEDURES ACT OF 1946 AT 5 USC §551 et seq. FOREIGN AGENT REGISTRATION ACT. OF 1938 AND F.D.C.P.A. ACT 1692 THIS CLAIM IS ALSO AGAINST THE WISCONSIN STATE BAR ASSOCIATION AND DEFENDANT'S B.A.R. CARD/LICENSE.

[ "Cujusque Rei Potissima Pars"][The Principle Part Of Everything Is In The Beginning]

**The Plaintiff(s)**

1. MAILEE HANG Estate and Trust.
   c/o 620 West Briarknoll Rd
   Saukville, Wisconsin [53080]
2. Mailee: Hang, a woman.
   c/o 620 West Briarknoll Rd
   Saukville, Wisconsin [53080]
3. VANG TOU HANG Estate and Trust.
   c/o 620 West Briarknoll Rd
   Saukville, Wisconsin [53080]
4. Tou-Vang: Hang, a man.
   c/o 620 West Briarknoll Rd
   Saukville, Wisconsin [53080]

**The Defendant(s)**

1. Scott R. Halloin ("attorney")
   839 North Jefferson Street, Suite 503
   Milwaukee, WI 53202
2. Sheila L. Shadman Emerson ("attorney")
   839 North Jefferson Street, Suite 503
   Milwaukee, WI 53202

3. Molly S. Fitzgerald ("attorney")

   839 North Jefferson Street, Suite 503

   Milwaukee, WI 53202

4. Long Lee

   W132 N12300 Marybuth Lane

   Germantown, Wisconsin 53022

5. Miana Lee

   W132 N12300 Marybuth Lane

   Germantown, Wisconsin 53022

6. Kay Xiong

   12212 West Shawnee Pass

   Mequon, Wisconsin 53097

7. David Blong Lee

   4925 Stonefield Road

   Sheboygan, Wisconsin 53083

8. Mee Lee

   4925 Stonefield Road

   Sheboygan, Wisconsin 53083

Mailee: Hang and Tou-Vang: Hang, *sui juris*, proceeding ***in propria persona***, and states: Mailee: Hang and Tou-Vang: Hang are siting Federal Case Law in this State Claim pursuant to **Howlett v. Rose, 496 U.S. 356 (1990) Federal Law and Supreme Court Cases apply to State Court Cases.** In Picking v. Pennsylvania R. Co. 151 Fed. 2nd 240; Pucket v. Cox 456 2nd 233. Pro se pleadings are to be considered without regard to a technicality; pro se litigant's pleadings are not to be held to the same high standards of perfection as lawyers. In Trinsey v Pagliaro, D. C. Pa. 1964, 229 F. Supp. 647. "Statements of counsel in brief or in argument are not facts before the court and are therefore insufficient for a motion to dismiss or for summary judgment. "Mar 28, 2019. Plaintiff further state: No attorney can appear in court without the physical human being he represents. **"Agents can not testify for principals."** The party has the right to challenge every witness to prove they are the principal, by asking for their Driver's Licenses, proving they are the "principal". If they are

not, their testimony must be removed from the record as "Hearsay" testimony. **An imaginary person cannot appear no agent can speak for them.** The United States Supreme Court has repeatedly held that any judge who acts without jurisdiction is engaged in an act of treason. U.S. v. Will 499 US 200, 216, S.Ct. 471, 66 L.Ed 2d 392, 406 (1980); Cohens v. Virginia, 19 U.S. (6 Wheat) 264, 404, 5 L.Ed. 257 (1821).

### The Administrative Procedures Act. Of 1946:

The defendants violated **The "ADMINISTRATIVE PROCEDURES ACT AT 5 USC §551 et seq. (1946).** This Federal Law was "Enacted" into law in 1946, and the key to this law is it states the governments Administrative policies must be in harmony with the Constitution. The administrative procedures act mandates in part "Non-legislative rules" such as guidance, guidelines, agency staff manuals, staff instructions, opinion letters, and press releases are called "statements of policy" or "guidance." (The two terms are not synonyms, only closely correlated: statements of policy are almost always issued in documents classified as guidance, and guidance documents to the public often include statements of policy.) Guidance and statements of policy are not legally binding on the public because they have not gone through the required procedures to become "legislative" regulations binding on the public (depending on the rule, hearing, notice, comment, publication). However, when stated in mandatory language, they can bind the agency itself. They have only hortatory effect on the public, the plaintiff is challenging the courts right to enforce the policy statement or guidance and to dismiss the plaintiff's legal pleading without forcing the attorneys to prove jurisdiction on the court record to give the court jurisdiction to hear this dispute. The judge unlawfully dismissed the plaintiff's jurisdictional challenge with an affidavit without forcing the attorneys to prove jurisdiction. The plaintiff demands a Judicial review of the defendant's misconduct for abuse of discretion, as authorized by the US Administrative Procedures Act. of 1946.

**Plaintiff also states**: The defendants violated the FDCPA which mandates debt collectors cannot use false, deceptive, or misleading practices. The attorney in this case signed the documents used to initiate the complaint, the judgements and seizure process illegally acting as a 3rd party debt collector. The attorneys listed LONG LEE, MIANA LEE, KAY XIONG, DAVID BLONG LEE and MEE LEE as the plaintiff in his false complaint, illegal judgements and seizures when the attorneys were the only signer on the complaint documents.

**Foreign Agent Registration Act. Of 1938:**

The attorney is a foreign agent attacking a state citizen without a FARA registration statement filed with the National Attorney General's office in violation of The Federal Law, **The Foreign Agent Registration Act. Of 1938. FARA is codified at 22 U.S.C. § 611 et seq. and its implementing rules are located at 28 C.F.R. § 5.1 et seq.** The **Foreign Agents Registration Act is a United States law passed in 1938** requiring that agents representing the interests of foreign powers in a "political or quasi-political capacity" disclose their relationship with the foreign government and information about related activities and finances. **18 U.S.C. § 951 provides criminal penalties** for anyone, other than a diplomat, to operate as an agent of a foreign government without first notifying the United States Attorney General for National Security. The attorney's acceptance of a "British Atoned Registry"(BAR) "Title of Nobility" establish their loyalty to the crown, which makes them a "Foreign Agents" 22 USC 611. A review of the archives shows the agents; attorney Scott R. Halloin, attorney, Sheila L. Shadman Emerson and Molly S. Fitzgerald are not registered with the Attorney General for National Security and are in violation of FARA codified at 22 U.S.C. § 611 et seq. These requirements are required by law to do business in the United States Of America without them the attorney are operating outside of the law and are liable in their personal capacity for the damages they cause during the unlawful seizure and eviction.

OZAUKEE COUNTY CLERK OF CIRCUIT COURT took jurisdiction without legal authority because the court did not have jurisdiction over a state citizen without an injured party. There is no injured party and no affidavit in this case, the statute is missing the 3- elements necessary Wisconsin State Constitution an enacting clause, a title, and a body. The statutes does not have these 3- elements and therefore the statute is not a valid law that can provide jurisdiction to the court to grant a seizure. The **WISCONSIN State B.A.R. Association** is responsible for the attorney's misconduct, the plaintiff is filing his claim to include the bar members bond, and license to practice law.

**Jurisdictional Statement:**

The Constitution vests State courts with the authority to hear cases "arising under the Constitution or the Laws of the United States." U.S. Const. art III, § 2. Congress vests federal district courts under (28 U.S.C. § 1331) with subject-matter jurisdiction over cases involving

questions of law.

### Short and Plain Statement of The Claim:

Attorney Scott R. Halloin, attorney Sheila L. Shadman Emerson and attorney Molly S. Fitzgerald acted with "deliberate indifference to the Constitution" and Federal law when they conspired to steal the plaintiff's property while illegally acting as a 3rd party debt collector pretending to be collecting on behalf of some 3rd party corporation/lender in violation of the F.D.C.P.A. The Attorneys illegally filed a WRIT OF ASSISTANCE petition against the plaintiff's property acting as a 3rd party debt collector. The attorneys, in this case, are the only person who signed the original complaint and writ documents against the plaintiff's property and that makes the attorney the real plaintiff in the state seizure.

The attorney failed to provide a contract or affidavit showing they were working on behalf of a lender. This false misrepresentation while collecting a debt is a violation of the F.D.C.P.A. provisions contained in 15 U.S.C. §§ 1692 a-1692. The attorneys violated provisions defined in **15 U.S.C. Sec. 1692 false misrepresentation while collecting this debt.** The attorneys are also in violation of the Foreign Agent Registration act of 1938 (FARA).

OZAUKEE COUNTY CLERK OF CIRCUIT COURT made a judicial determination, directed by Attorney Scott R. Halloin, attorney Sheila L. Shadman Emerson and attorney Molly S. Fitzgerald in an administrative hearing without a witness or affidavit to give the court jurisdiction.

**State court has no jurisdiction over a dispute between a State citizen and a foreign agent. The foreign agent must file their claim in a Federal Court for a court to have jurisdiction.** OZAUKEE COUNTY CLERK OF CIRCUIT COURT dishonored the Plaintiff's Non-negotiable Instruments, the counter claim, the demand, the fault with opportunity to cure and the default and all the other pleadings the attorney failed to respond to. OZAUKEE COUNTY CLERK OF CIRCUIT COURT stepped outside of the Constitution and Federal law when the court ruled without jurisdiction.

### Claim for Relief:

Since 2022, the Defendants have continuously attacked, harassed and threatened the Plaintiff on an alleged debt that does not belong, was never incurred or ever associated with

the Plaintiff. The Defendants have launched more than 10 lawsuits in four different counties causing financial harm and emotional anguish to the Plaintiff and their family. The Plaintiff has responded with Non-negotiable instrument and remained in honor for the entire duration. The Plaintiff later issued a counterclaim and received no response. The Plaintiff also completed an administrative process demanding that the Defendants verify their claims and to date, the Defendants have not responded or rebutted any of the Plaintiff's affidavit. The Plaintiff moved to file a Non-UCC1 lien and UCC1 lien on the Defendants. The Defendant continue to dishonor the Plaintiffs by using their partners and partnering with the County Courts in four different counties to kill, steal and destroy the Plaintiffs. The Plaintiffs are living breathing man and woman and have been physically harmed, mentally harmed, emotionally harmed and financially harmed as a result of the Defendants frivolous claims.

The Plaintiff demands and claim Six-Million United States Dollars and legal expenses to be granted in full. The claimants' family is traumatized for the false judgement, threats with possession and eviction by law enforcement when the Plaintiff's had stayed in honor, accepted the presentments for value and return the presentments, issued Counterclaims, Notice of Demand, Notice of Fault with Opportunity to Cure, Notice of Default and Certificate of Dishonor signed by a Wisconsin Public Notary. The Plaintiffs now has a lien in their names and will never qualify to buy a home, for the best financing.

**Parties – Corporations**

a. Mailee: Hang is a private woman Inhabitant in Ozaukee County, Wisconsin.

b. Tou-Vang: Hang is a private man Inhabitant in Ozaukee County, Wisconsin.

c. Attorney Scott R. Halloin doing business as SCOTT R. HALLOIN

d. Attorney Sheila L. Shadman Emerson doing business as SHEILA L. SHADMAN

e. Attorney Molly S. Fitzgerald doing business as MOLLY S. FITZGERALD

f. A person name Long Lee doing business as LONG LEE

g. A person name Miana Lee doing business as MIANA LEE

h. A person name Kay Xiong doing business as KAY XIONG

i. A person name David Blong Lee doing business as DAVID BLONG LEE

j. A person name Mee Lee doing business as MEE LEE

### The Two Jurisdictions For The Court To Operate Under:

The plaintiff is only aware of two jurisdiction the court can operate under as per the Constitution, and those jurisdictions are **Common Law**, and **Admiralty Jurisdiction**. plaintiff demands this case be heard in a court of common law, and if the court chooses to proceed under **Admiralty Jurisdiction**, plaintiff will need the court to inform her where the rules of procedures for admiralty jurisdiction can be found for plaintiff's review to protect the court from civil liability for "obstruction of the administration of justice".

### Reservation Of Rights Under UCC-1-308:

Plaintiff reserved his and her rights under the UCC 1-308, formally 1-207, and demand the statutes used in this court be construed in harmony with Common Law. The code is complimentary to the common law, which remains in force, except where displaced by the code. A statute should be construed in harmony with the common law unless there is a clear legislative intent to abrogate the common law. The code was written as not to abolish the common law entirely. Plaintiff was not involved with an international maritime contract, so in good faith, Plaintiff denies that such a contract exists, and demand the court proceed under **Common Law Jurisdiction.**

### Elements for Common Law:

a. Controversy (The listed defendant)
b. Specific Claim (wrongful judgement)
c. Specific Remedy Sought by Claimant (Six million dollars)
d. Claim Must be Sworn To (Affidavit of Verification attached), and I will verify in open court that all herein be true.

### Elements Of A FDCPA Claim:

The elements of a F.D.C.P.A. claim are present in this case:

The plaintiff brings his/her suit under the FDCPA and will shows the following elements to successfully make the claim:

1. The plaintiff is a "consumer" as defined by 15 U.S.C. § 1692 a (3).
2. The alleged debt claimed by the Defendants is not related, is not involved and was never

received by the Plaintiff.
3. That the seizing and evicting a party is a "debt collector" as defined by 15 U.S.C. § 1692a (6); and
4. That the attorneys violated one of the provisions contained in 15 U.S.C. §§ 1692 a-1692.

The party making the F.D.C.P.A. claim is a consumer as shown by the complaint filed in State Court against the property in dispute. The Defendants have never given a loan to the Plaintiff nor does the Plaintiff have any relationship or knowledge of the Defendants. The Plaintiffs do not know the Defendants and have never received anything of valuable consideration from the Defendants. The attorney is a debt collector as noted in their emails and phone communications as well as the business description. The attorney violated provisions defined in **15 U.S.C. Sec. 1692 false misrepresentation while demanding and collecting a debt as noted by the attorney's signature on the petition.** The FDCPA mandates debt collectors cannot use false, deceptive, or misleading practices to collect a debt. In this case the attorney is collecting a debt acting on behalf of law firm and not a lender.

### Violation of The Foreign Agent Registration Act. Of 1938:

The attorneys violated Federal Law when they failed to register as a foreign agent with the Attorney General For National Security as mandated by Foreign Agent Registration Act Of 1938. The attorney misrepresented him self's as legal debt collectors when in fact they are an un-registered foreign acting unlawfully foreclosing in the wrong court and in violation of the S.C. State Constitution. The law firm nor the attorney meet the requirements mandated in the FARA, to have standing in this court because they are not registered with the Attorney General for National Security as a foreign agent, and they do not have their FARA registration form available for inspection.

### The Fair Debt Collection Practice Act:

The FDCPA, mandates the attorneys, and the law firm must have a license to be a debt collector, a bond, and they must be registered with the Attorney General in the State they are collecting in and in this case the attorney is not licensed to collect debts, does not have a bond, and is not registered with the attorney General In this State. The debt collector in this

case is in violation of the FDCPA, they do not meet the legal requirements to be considered a debt collector and therefore have no standing before the court. The f.d.c.p.a mandates debt collector company cannot at any point engage in abuse, threats, coercion, **misrepresentation, fraud, harassment, unfair means, and deception to collect debt. The debt collection company must provide proof that they have the authority to collect fees, interest, or expenses above the original balance; such proof may be a signed document by the debtor. The debt collectors in this case have not provided any of the proof of a debt as mandated under the law.**

### Factual Allegations:

The Plaintiffs has been issued a frivolous judgement and received a MOTION FOR WRIT ASSISTANCE against their home which was filed in OZAUKEE COUNTY CLERK OF CIRCUIT COURT. The petition was only signed by the attorney the attorney of record, and there was no affidavit from an injured party. The Plaintiffs have bond the case, issued two bonds and two Bill of Exchange. The Plaintiffs were never given due process or trial by jury. The Plaintiffs rights to life, liberty and the pursue of happiness has been violated. The Plaintiffs God-given rights have been violated. The attorneys moved to filing an illegal judgement and seizure acting as a 3rd party debt collector and ignored the law.

Plaintiff also filed a counterclaim in the OZAUKEE COUNTY CLERK OF CIRCUIT COURT and the counterclaim was never responded to. The court, the attorneys and the Defendants named on this Verified Complaint are in dishonor. The Plaintiff also filed Affidavits of Truth and none of the Affidavits signed under penalty of perjury by the Plaintiff were ever rebutted by the Defendants. The attorneys and Defendants failed to respond by counter affidavit, so it is admitted the following fact of the dispute are true and correct.

OZAUKEE COUNTY CLERK OF CIRCUIT COURT also ignored the fact that the attorneys failed to prove jurisdiction on the record and took jurisdiction without legal authority dismissed the Plaintiff's Non-negotiable instruments, Counterclaim, Demand, Fault, Default and Certificate of Dishonor which have provide the attorney with an unfair advantage and is now the subject of this civil liability. The court ignored the following undisputed facts in the State case. The court barred the Plaintiffs from filing into the case and blocking the Plaintiffs due process and rights. **See Exhibit A – Copy of the case history report.**

The following facts are admitted as truth in the court record since the attorney failed to argue the fact: The Counterclaim, NOTICE OF DEMAND, NOTICE OF FAULT with OPPORTUNITY TO CURE, NOTICE OF DEFAULT and NOTICE OF DISHONOR were all ignored by attorney Scott R. Halloin, attorney Sheila L. Shadman Emerson, attorney Molly S. Fitzgerald and all Defendants:

a. The intent of the NOTICE OF DEMAND requested to provide proof of claim on what the alleged debt was owed and what or where was the contract or agreement that was signed by the Plaintiff,
b. The lender or financial institution involved in the alleged loan that funded the Plaintiff as claimed by the Defendants,
c. The original written agreement giving full disclosure of all material facts,
d. Plaintiff is declaring damages because the Non-negotiable instruments were never returned if not accepted: UCC § 3-104. NEGOTIABLE INSTRUMENT,
e. Plaintiff is declaring damages because the Counterclaim was ignored and the court continue to make a judgement violating Federal Rules of Civil Procedure: Rule 13. Counterclaim and Crossclaim,
f. Plaintiff is declaring damages because two bonds and two Bill of Exchanges were accepted: Bills of Exchange Act (R.S.C., 1985, c. B-4) 12 U.S. Code § 361 - Bills receivable, bills of exchange, acceptances; regulations by Board of Governors.

**See Exhibit B – NOTICE OF DEMAND, Exhibit C – NOTICE OF FAULT, Exhibit D – NOTICE OF DEFAULT, Exhibit D – Bonds, Exhibit E – Bill of Exchange.**

### Damages:

1. The attorney filed a false complaint, a illegal judgement and seizure against the plaintiff's property claimant threatening to remove Plaintiff's family and personal properties.
2. The attorney falsely reported information regarding the alleged debt owed and failed to report the debt as being in dispute as required by FDCPA.
3. The court and attorneys publicized false information about the alleged money owed by the plaintiff, which is false.
4. The conduct of attorney has proximately caused the claimant past and future monetary loss,

past and future damage to plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the jury at trial.

It is a practice of the attorneys to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, and Federal Law.

All actions taken by employees, agents, servants, or representatives of any type for attorneys were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

All actions taken by attorneys were done with malice, were done willfully, and were done with either the desire to harm the plaintiff financially, mentally and physically and with the knowledge that their actions would highly likely harm the plaintiff.

The attorneys knew or should have known their actions were in reckless disregard of the FDCPA, and Federal Law.

The attorneys has engaged in a pattern and practice of wrongful and unlawful behavior with respect to collection activities and the handling of the account as set forth in this Complaint and as such attorney is subject to punitive, compensatory, and statutory damages and all other appropriate measures to punish and deter similar future conduct by the attorney or his corporation.

**Facts of The Claim-Violations of The Federal Law:**

The attorney, a debt collector under the FDCPA, violated the FDCPA in numerous ways, including, but not limited to misrepresentation, and the following:

a. The attorney is not registered with the Attorney General for National Security in violation of the Foreign Agent Registration Act of 1938 and does not have their FARA registration form available for inspection.

b. The attorneys in the law firm do not have a license to practice law.

c. The attorneys do not have a license with the State to be a legal debt collector.

d. The attorney's law firm does not have a license to be a legal debt collector.

e. The law firm does not have a bond to collect a debt as mandated in the FDCPA.

f. The law firm is not registered with the Attorney General in the State of W.I.

g. Not showing the account/trade-line as being in "dispute" on plaintiff's credit report.

h. Falsely reporting the debt on Plaintiff; and

i. The Plaintiff has been damaged as a direct result of these violations of the FDCPA as set forth in this Complaint.

j. Such negligence, malice, wantonness, recklessness, and/or intentional conduct proximately caused the damages set forth in this complaint.

### 1st Claim Violation of Foreign Agent Registration Act of 1938

The attorney is in violation of the FARA, he is not registered with the Attorney General For National Security and he does not have a copy of the registration form available for inspection.

### 2nd Claim Violation of the FDCPA

The law firm nor the attorney meet the requirements mandated in the FARA, or FDCPA, to be a legal debt collector.

### 3rd Claim Violation of The Administrative Procedures act of 1946

The court's local rules and policies are not in harmony with the constitution.

### Relief Sought:

1. An award of statutory, actual, compensatory, and punitive damages in the amount of Six Million Dollars.
2. Legal Expenses 50,000.00.
3. The judgement and lien to be removed from the Plaintiffs Estate and Trust and the property address known as 620 West Briarknoll Court, city of Saukville, county of Ozaukee and state of Wisconsin.
4. The alleged debt of $2,500,000 be discharged.
5. Plaintiff also requests all further relief to which the Plaintiffs are entitled under Federal or State law, whether legal or equitable nature.

By: *Mailee Hang*

MAILEE HANG Estate and Trust,
In care of Mailee: Hang.
c/o 620 West Briarknoll Rd
Saukville, Wisconsin [53080]
Without Prejudice. UCC 1-308.

By: *Vang Tou Hang*
VANG TOU HANG Estate and Trust,
In care of Tou-Vang: Hang.
c/o 620 West Briarknoll Rd
Saukville, Wisconsin [53080]
Without Prejudice. UCC 1-308.